Milord A. Keshishian, SBN 197835
milord@milordlaw.com
MILORD LAW GROUP, P.C.
333 S. Hope Street, Suite 4025
Los Angeles, California 90071
Tel.: (310) 226-7878

Cameron S. Reuber (admitted *Pro Hac Vice*)
reuber@leasonellis.com
Lauren B. Emerson (admitted *Pro Hac Vice*)
emerson@leasonellis.com
Tatsuya Adachi (admitted *Pro Hac Vice*)
adachi@leasonellis.com
LEASON ELLIS LLP
One North Lexington Avenue, Suite 1200
White Plains, NY 10601
Tel.: (914) 288-0022

Attorneys for Plaintiff GHOST L.L.C.

Joseph F. Jennings (SBN 145920)
joe.jennings@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel.: (949) 760-0404

Zachery C. Rufa (SBN 355108)
zachery.rufa@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
1925 Century Park East, Suite 400,
Los Angeles CA 90067
Tel.: (310) 551-3450

Attorneys for Defendants
Anand Nalla and Xylotech Systems, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHOST L.L.C., a Nevada limited liability company;<br><br>            Plaintiff,<br><br>     v.<br><br>ANAND NALLA and XYLOTECH SYSTEMS, INC.,<br><br>            Defendants. | CASE NO.: 8:25-cv-02023-FWS-DFM<br>Hon. Fred W. Slaughter<br>Hon. Douglas F. McCormick<br><br><br>**STIPULATION PROTECTIVE ORDER** |

WHEREAS, Plaintiff Ghost L.L.C. ("Ghost" or "Plaintiff"), Defendant Anand Nalla ("Nalla"), and Defendant Xylotech Systems, Inc. ("Xylotech") may produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, employment, proprietary, trade secret, and/or confidential information of another party or third party;

The Parties hereby enter into this Stipulated Protective Order (this "Order") as follows:

1

**STIPULATED PROTECTIVE ORDER**

**1.       Purpose and general limitations.**

1.1     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.2     Good cause statement.  Disclosure and discovery activity in this Action are likely to involve confidential business and financial information, proprietary trade secrets and/or other proprietary information such as customer information, valuable research, marketing plans and materials, strategic financial information, forecasts, and/or other development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, contract(s), or common law.  The disclosure of such information may result in irreparable harm to the parties or third parties by revealing confidential strategic business information to the public, including the parties' competitors, and/or revealing other private, confidential,

and/or trade secret information that is protected from disclosure as a matter of law and/or by contract.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     Definitions.**   The following definitions apply for purposes of this Stipulated Protective Order:

2.1    "Action":  This civil action commenced on September 8, 2025, pending in the Central District of California, assigned Case Number: 8:25-cv-02023-FWS-DFM.

2.2    "Confidential Material": Any information, document, or thing, or portion of any document, or thing that any party to this Action or any non-party providing information in this Action designates as "Confidential," subject to this Stipulated Protective Order: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or (b) that contains private or confidential personal information; or (c) that contains information received in confidence from third parties; or (d) which the Designating Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2.3    "Designating Party": The party to this Action or non-party providing information in this Action that designates any information, document, or thing, or any portion of any document, or thing, under this Order.

2.4    "Highly Confidential AEO Material": Any information, document, or thing, or portion of any document, or thing that any party to this Action or any non-

**STIPULATED PROTECTIVE ORDER**

party providing information in this Action designates as "Highly Confidential—Attorneys' Eyes Only," subject to this Stipulated Protective Order that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party.

2.5    "Protected Material": Jointly and severally, any information, document, or thing, or portion thereof designated under this Stipulated Protective Order as Confidential Material and Highly Confidential AEO Material.

2.6    "Receiving Party": The party to this Action that receives Confidential or Highly Confidential AEO Material from a Designating Party in this Action.

3.    **Scope.**  The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    **Duration.** Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless a Designating Party agrees in writing otherwise with respect to information or material designated as Confidential or Highly Confidential AEO Material by said Designating Party, or unless otherwise ordered by the Court.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **Designating Protected Material.**

5.1    Exercise of restraint and care in designating material for protection.  Any party to this litigation and any non-party shall have the right to designate as

**STIPULATED PROTECTIVE ORDER**

"Confidential" any Confidential Material and as "Highly Confidential—Attorneys' Eyes Only" any Highly Confidential AEO Material subject to this Order. Each Designating Party must take care to limit any designation of Protected Material under this Stipulated Protective Order to specific material that qualifies under the appropriate standards set forth herein and under applicable laws. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection under this Order do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and timing of designations</u>. As follows, disclosure of discovery material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced:

(a)    <u>For documents</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as the case may be, to each page that contains Protected Material.

(1)    A party or non-party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced. During the inspection and before such designation, all of the material made available for inspection shall be deemed and presumed to be Highly Confidential AEO Material and shall be treated

5

**STIPULATED PROTECTIVE ORDER**

accordingly.  After the inspecting party has identified the documents it wants copied and produced, the Designating Party shall produce such documents in accordance with Paragraph 5.2(a) above.

(b)    For testimony given in depositions or in other pretrial or trial proceedings, the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all testimony sought to be protected under this Order and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days from the date the transcript is received by counsel for the Designating Party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days from the date the transcript is received by counsel for the Designating Party shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or hearing or proceeding, or up to 30 days from the date the transcript is received by counsel for the Designating Party if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A** are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the

6

**STIPULATED PROTECTIVE ORDER**

title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually affirmatively designated by the Designating Party.

(c)    For tangible things other than documents, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as the case may be.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), and specify the level of protection being asserted.

5.3    Inadvertent failures to designate.  An inadvertent failure to designate protected material or items under this Order does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, so long as the designation is corrected within a reasonable amount of time upon learning about the error.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    Challenging confidentiality designations.**

6.1    Timing of challenges.  Any party or non-party may challenge a designation of confidentiality under this Order at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and confer.  The challenging party shall initiate the dispute resolution process under L.R. 37.1, *et seq.*

**STIPULATED PROTECTIVE ORDER**

6.3    Burden of persuasion.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.    Access to and use of Protected Material.**

7.1    Basic principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Within sixty (60) days after the final termination of this Action, including any appeals, each Receiving Party shall either: (a) return all Protected Material to the Producing Party; or (b) destroy all Protected Material.  Upon request, the Receiving Party shall certify in writing that it has complied with this Paragraph.  Notwithstanding the foregoing, counsel of record may retain archival copies of pleadings, motion papers, deposition transcripts, exhibits, attorney work product, correspondence, and court filings that contain or refer to Protected Material, provided that any such retained material remains subject to this Order.

7.2    Disclosure of Confidential Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the Receiving Party's:

(a)    Up to two officers, directors, employees, members, or designated representatives of the Receiving Party whose access to the Confidential Material is reasonably necessary for the prosecution, defense, or settlement of this Action, provided that each such individual has first signed the Acknowledgment and Agreement to Be

**STIPULATED PROTECTIVE ORDER**

Bound attached hereto as Exhibit A;

(b)     In-house counsel, designated in advance of disclosure, and who are necessary for the prosecution or defense of the Action;

(c)     Outside counsel;

(d)     Outside experts or consultants retained by the Receiving Party's outside counsel of record in this Action, only to the extent, and only in the portions, that are necessary for such outside experts or consultants to formulate or render their opinions in this Action, provided that each such individual has first signed the Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A;

(e)     Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing, only to the extent necessary for the prosecution or defense of the Action;

(f)     Court reporters and their staff who have signed the Acknowledgment and Agreement to Be Bound at Exhibit A hereto;

(g)     Vendors retained by the Receiving Party to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare or deliver demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have first signed the Acknowledgment and Agreement to Be Bound at Exhibit A hereto;

(h)     As to documents or things, any person who, on the face of the document or thing is shown to have authored it or received it prior to disclosure, and as to information, any person who possessed knowledge of the information prior to disclosure;

(i)     Witnesses appearing for deposition in this Action and their counsel, to the extent reasonably necessary for the prosecution or defense of the Action, provided they have first signed the Acknowledgment and Agreement to Be Bound at Exhibit A hereto; and

9

**STIPULATED PROTECTIVE ORDER**

(j)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of Highly Confidential AEO Material.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to the Receiving Party's:

(a)    Outside counsel;

(b)    Outside experts or consultants retained by the Receiving Party's outside counsel of record in this Action, only to the extent, and only in the portions, that are necessary for such outside experts or consultants to formulate or render their opinions in this Action, provided that each such individual has first signed the Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A;

(c)    Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing, only to the extent necessary for the prosecution or defense of the Action;

(d)    Court reporters and their staff who have signed the Acknowledgment and Agreement to Be Bound at Exhibit A hereto;

(e)    Vendors retained by the Receiving Party to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare or deliver demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have first signed the Acknowledgment and Agreement to Be Bound at Exhibit A hereto;

(f)    As to documents or things, any person who, on the face of the document or thing is shown to have authored it or received it prior to disclosure, and as to information, any person who possessed knowledge of the information prior to disclosure;

(g)    Any mediator or settlement officer, and their supporting personnel,

10
**STIPULATED PROTECTIVE ORDER**

mutually agreed upon by any of the parties engaged in settlement discussions.

8.     **Protected Material subpoenaed or ordered produced in other litigation.**   If a party is served with a subpoena or a court order duly issued by another Court having jurisdiction over said party that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," that party must: (i) promptly notify in writing the Designating Party, enclosing a copy of the subpoena or court order; (ii) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order, enclosing a copy of this Stipulated Protective Order; and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in this Order shall be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court having jurisdiction over that party.

9.     **Protected Material produced by non-parties.**  The terms of this Order apply to information produced by a non-parties to this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

**STIPULATED PROTECTIVE ORDER**

9.1     In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall: (i) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party; (ii) promptly provide the non-party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and (ii) make the information requested available for inspection by the non-party, if requested.  If the non-party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     Unauthorized disclosure.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Protected Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute the Acknowledgment and Agreement to Be Bound attached hereto as Exhibit A.

**STIPULATED PROTECTIVE ORDER**

**11.    Inadvertent production.**  When a party producing information or documents in this Action gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B).  Pursuant to Fed. R. Evid. 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    Miscellaneous.**

12.1    Right to further relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to assert other objections.  By stipulating to the entry of this Stipulated Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information, document, or thing on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A party that seeks to file under seal any Protected Material shall comply with L.R. 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   **Final disposition.**   After the final disposition of this Action, as defined in Paragraph 4 above, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing the same or any portion thereof.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the producing party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (i) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (ii) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel for the parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 above.

14.   **Violations.**   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: July 7, 2026

_____
Hon. Douglas F. McCormick
United States Magistrate Judge

14
**STIPULATED PROTECTIVE ORDER**

Dated:  July 7, 2026


Respectfully submitted,

**MILORD LAW GROUP, P.C.**
**LEASON ELLIS LLP**
/s/Milord A. Keshishian

Milord A. Keshishian
Cameron S. Reuber
Lauren B. Emerson
Tatsuya Adachi

Attorneys for Plaintiff
Ghost L.L.C.

**KNOBBE, MARTENS, OLSON &**
**BEAR, LLP**
/s/Zachary C. Rufa

Joseph F. Jennings
Matthew S. Bellinger
Zachery C. Rufa

Attorneys for Defendants
Anand Nalla and Xylotech Systems, Inc.

15
**STIPULATED PROTECTIVE ORDER**

## ATTESTATION PURSUANT TO L.R. 5-4.3.4(a)(2)(i)

Pursuant to Local Rule of Civil Procedure 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

/s/Milord A. Keshishian

Milord A. Keshishian

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ ____, 20____, in the case of *Ghost L.L.C. v. Anand Nalla, et al.*, Case No. 8:25-cv-02023-FWS-DFM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

1

**EXHIBIT A**